UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HECTOR GARCIA-PEREZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO: 8:07-CV-1427-T-30TBM
Crim. Case No: 8:06-CR-390-T-30TBM

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) filed on July 9, 2007 and the Government's Response thereto (Dkt. #9).

### Background

Petitioner, HECTOR GARCIA PEREZ (hereinafter referred to as "Perez" or "Petitioner"), was arrested on September 12th of 2006, with others in a "go fast" vessel off the southeast coast of the Guatemala/Mexico border. Petitioner was charged by indictment with: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to United States jurisdiction between an unknown date until September 12, 2006, in violation of Title 46 Appendix, United States Code, Sections 1903 (a) and (g); Title 18, United States Code, Section 2; and Title 21, United States Code, Section 960(b)(1)(B)(ii), and (2) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction between an unknown date

through September 12, 2006, in violation of Title 46 Appendix, United States Code, Sections 1903(a) and (g); 18 U.S.C. 2; and 21 U.S.C. Section 960(b)(1)(B)(ii). Petitioner entered a plea agreement with the United States admitting guilt to Count One and the United States dismissed Count Two by way of plea agreement with Petitioner.

The facts in the Plea Agreement included:

9. On September 12, 2006, a United States helicopter deployed from the Coast Guard Cutter *Boutwell* spotted a go fast vessel off the southeast coast of the Guatemala/Mexico border. When the crew of the go-fast realized that they had been discovered, they yielded immediately. A team from the *Boutwell* boarded the go-fast vessel and identified the crew members as Roberto Cordova-Espinoza, Jared Alberto Lopez-Medina, Jesus Contreras and Hector Garcia-Perez. Espinoza was the captain or master of the go-fast vessel; none of the other crew members held a special title.

10. *Boutwell* personnel boarded the go-fast vessel and discovered 131 bales of cocaine weighing (6550 pounds) 2,978 kilograms.

13. Case agents learned that Espinoza, Medina, and Contreras were to be paid 40,000 Mexican Pesos ($3,658) for this drug trafficking venture, while Perez was to receive 30,000 Mexican Pesos ($2,744). Further, they learned that Espinoza, Medina, and Contreras received advance pay equivalent to $183, while Perez received advance pay equivalent to $46.[1]

Petitioner was sentenced to 70 months incarceration and 60 months supervised release.

## **Discussion**

Petitioner now brings this §2255 motion to set aside his sentence. In particular, Petitioner asserts his "(c)onviction obtained by plea of guilty which was unlawfully induce

---

[1] Presentence Investigation Report for Hector Garcia-Perez, Case #06-CR-390-T-30TBM (February 15, 2007).

(sic) or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." And the Petitioner claims that "(i)ntimidation to confess to a third person that was in the conspirancy (sic) confes (sic) cooperation intimidation from DEA agents to confess against third person that controlled the conspiracy receiving no benefit (sic)." Next, Petitioner asserts that: "(his) conviction (was) obtained by use of evidence gained pursuant to an uncostitutinal (sic) search and seizure." Finally, Petitioner asserts that "(his) (c)onviction (was) obtained by use (of) evidence obtained pursuant to an unlawful arrest." Interspersed within these arguments is an ineffective assistance of counsel argument and a request for a downward departure argument based on 18 U.S.C. 3624(c).

Petitioner's claim that his conviction was unlawfully induced and involuntarily made is contradicted by the record.[2] At the change of plea hearing the court specifically asked Petitioner if he understood the conspiracy allegation against him. Petitioner answered "yes." Then the court asked if Petitioner understood the potential punishment. Petitioner answered "yes." The court then went into extensive explanation on what Petitioner would be admitting and the rights he would forfeit. The court asked Petitioner if anyone had made any additional promises. Petitioner answered "no." The Petitioner was asked if he was satisfied with his attorney. Petitioner answered "yes." Petitioner will not be allowed to now disavow his own sworn testimony. Further, Petitioner cannot claim ineffective assistance of counsel for knowingly and voluntarily executing the written plea agreement. In the plain language of the

---

[2] <u>United States vs. Hector Garcia Perez</u>, Transcript of Change of Plea Hearing, Dkt. #94, Case #8:06-Cr-390-T-30TBM (Nov. 29, 2006).

agreement Petitioner acknowledges that he was pleading guilty freely and voluntarily, and without coercion of any kind.[3] Additionally, the sentence appeal waiver precludes a §2255 claim based on ineffective assistance at sentencing. Williams v. United States, 396 F.3d 1340 (11th Cir. 2005).

The Petitioner's next claim is difficult to understand but appears to assert that the DEA agents coerced him to confess. However this is contradicted by the fact that he never made a statement to law enforcement and by the fact that at his change of plea proceeding Petitioner stated no one had threatened, forced, or tricked him into a plea.[4]

Next Petitioner claims there was an unconstitutional search and seizure as well as an unlawful arrest. Petitioner offers no factual basis for this claim and it therefore fails.

Ultimately, all of the Petitioner's accusations are loosely tied to the allegation of ineffective assistance of counsel. To vacate a sentence for ineffective assistance of counsel, counsel's performance must be below an objective standard of reasonable professional assistance and the defendant must be prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 688 (1984). The burden is on the Petitioner to prove both that counsel's performance was unreasonable and that he was prejudiced. Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). The Petitioner has failed to meet this burden. He points to no specific shortcoming on the part of the attorney and identifies no prejudice.

---

[3] United States vs. Hector Garcia Perez, Plea Agreement, Case #8:06-Cr-390-T-30TBM, Dkt. #38 (Nov. 22, 2006).

[4] United States vs. Hector Garcia Perez, Transcript of Change of Plea Hearing, Case #8:06-Cr-390-T-30TBM, Dkt. #94 (Nov. 29, 2006).

Finally Petitioner argues he should be granted a downward departure because he is not eligible to receive benefits provided under 18 U.S.C. 3624(c). The Eleventh Circuit has ruled that this ineligibility does not require a departure. United States v. Veloza, 83 F.3d 380, 382 (11th Cir. 1996).

## Conclusion

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) is **DENIED.**

2. The Clerk shall enter judgment for Respondent, United States of America, terminate all pending motions, and close this case.

3. The Clerk is direct to terminate the pending (Dkt. #92) Motion to Vacate, Set Aside or Correct Sentence in the underlying criminal case number 8:06-CR-390-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on November 20, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-1427.deny 2255.wpd